UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DONALD EAST,<br><br>Plaintiff,<br><br>vs.<br><br>SECRETARY OF CORRECTIONS KELLIE WASKO, INDIVIDUAL AND OFFICIAL CAPACITY; FORMER WARDEN BRENT FLUKE, INDIVIDUAL CAPACITY; UNIT MANAGER DANIEL SESTAK, INDIVIDUAL AND OFFICIAL CAPACITY; SEX OFFENDER MANAGEMENT PROGRAM JEFF NEIL, INDIVIDUAL AND OFFICIAL CAPACITY; ALEX REYES, ACTING WARDEN, OFFICIAL CAPACITY; JOHN DOE 1, INDIVIDUAL AND OFFICIAL CAPACITY; OTHER UNKNOWN PERSONS AND ENTITIES, INDIVIDUAL AND OFFICIAL CAPACITIES; AND SEX OFFENDER MANAGEMENT PROGRAM THOMAS GILCHRIST, INDIVIDUAL AND OFFICIAL CAPACITY,<br><br>Defendants. | 4:22-CV-04126-RAL<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL AND REQUIRING PLAINTIFF TO PAY AN INITIAL PARTIAL FILING FEE |

Plaintiff Donald East, an inmate at Mike Durfee State Prison (MDSP) in Springfield, South Dakota, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docs. 1, 10. This Court granted Defendants' motion for summary judgment and entered judgment in favor of Defendants. Docs. 61, 62. East filed a notice of appeal to the United States Court of Appeals for the Eighth Circuit from the Court's March 31, 2025 Opinion and Order Granting Defendants' Motion for Summary Judgment, Doc. 61, and Summary Judgment for Defendants, Doc. 62. Doc. 63. East moves for

leave to proceed in forma pauperis on appeal and has filed a certified prisoner trust account report. Docs. 64, 65.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises "the moment the prisoner . . . files an appeal." Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (quoting In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997)). "[W]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." Id. (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." Id. (footnote and citation omitted).

In Henderson, the Eighth Circuit set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. 129 F.3d at 483. First, the court must determine whether the appeal is taken in good faith. Id. at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." Id. The initial partial filing fee must be 20 percent of the greater of:

(A)   the average monthly deposits to the prisoner's account; or
(B)   the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

2

It appears East's appeal is taken in good faith. East reports an average monthly balance for the past six months in his prisoner trust account of $153.13 and average monthly deposits of $201.84. Doc. 65 at 1. Based on this information, the Court grants East leave to proceed in forma pauperis on appeal, but he must pay an initial partial appellate filing fee of **$40.37** (20 percent of his average monthly deposits) by **May 31, 2025**.

To pay his appellate filing fee, East must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at East's institution. East remains responsible for the entire filing fee, as long as he is a prisoner. See In re Tyler, 110 F.3d at 529–30.

Accordingly, it is

ORDERED that East's motion for leave to proceed in forma pauperis on appeal, Doc. 64, is granted. East will make a payment of **$40.37 by May 31, 2025**, made payable to the Clerk of the U.S. District Court. It is further

ORDERED that the Clerk of Court will send a copy of this order to the appropriate financial official at East's institution. It is finally

3

ORDERED that the institution having custody of East is directed that whenever the amount in East's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to East's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(1), until the $605 appellate filing fee is paid in full.

DATED May 1st, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE